IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Justin McBride, #308672, a.k.a. Justin, Chase McBride, | ) ) ) ) |
| Petitioner, | ) ) ) |
| v. | No. 8:12-CV-2895-RMG ) ) ) |
| Maj. Garry Bryant, Administrator of the Anderson County Detention Center; and the State of South Carolina, | ORDER ) ) ) ) |
| Respondents. | ) ) ) ) |

Petitioner Justin McBride, a state prisoner at Anderson County Detention Center in Anderson, South Carolina, seeks habeas relief pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Claiming *Brady* violations, ineffective assistance of counsel, and prosecutorial misconduct, Petitioner seeks to vacate his guilty plea. (*Id.* at 1, 3). Further, Petitioner also has submitted two motions requesting the appointment of counsel in this matter. (Dkt. Nos. 36, 38).

**Background**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. On February 15, 2013, Respondents Major Garry Bryant and the State moved for summary judgment. (Dkt. Nos. 22, 23). Petitioner responded on March 19, 2013. (Dkt. No. 29).

On July 23, 2013, the Magistrate Judge issued a Report and Recommendation, ("R&R"), recommending that Respondents' motion for summary judgment be granted and this petition denied. (Dkt. No. 33). Though Petitioner did not submit objections to the R&R, he has since the issuance

of the R&R twice moved for the appointment of counsel in this matter. (Dkt. Nos. 36, 38).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," and is required to make a *de novo* determination on those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1).

Respondents move for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

## Discussion

Having reviewed the record, the R&R and the objections to the R&R, the Court concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter.

As the Magistrate Judge correctly observed, (Dkt. No. 33 at 19–21), Petitioner's claims of ineffective assistance of counsel are procedurally barred due to his failure to raise the issues for review in state court. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) (noting that the district

court need not give any explanation for adopting the Magistrate Judge's Report and recommendation where no specific objection has been made). Further, the Magistrate Judge was correct that Petitioner's plea was knowing and voluntary for purposes of federal constitutional law. *See United States v. Broce*, 488 U.S. 563, 573 (1989); *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969).

The Court now turns to Petitioner's *Brady*-based claims. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that prosecutors must disclose material "evidence favorable to an accused," including exculpatory and impeachment evidence). On the day Petitioner's criminal trial was to start, the State produced twenty-one witness statements, five of which Petitioner asserts were exculpatory. (Dkt. No. 21-25 at 2–3). The state post-conviction relief ("PCR") court describing the events at issue stated that Petitioner:

> was clearly prejudiced by the wrongful failure of the State to disclose exculpatory information. Although the Solicitor was within her rights to withhold witness statements until the day of trial I find from the testimony that such an action is not the norm in the Thirteenth Circuit and is rarely done. The effect of withholding both inculpatory and exculpatory statements was cumulative, in that it limited the Defendant's ability to prepare a defense. At trial the State called numerous witnesses, some of whom had given prior conflicting statements which had been withheld by the State. Further, the defense did not call witnesses, who may well have provided exculpatory testimony, because the State had not provided their statements or identities pursuant to the discovery requests. It appears that the Defendant did not have an adequate opportunity to fully investigate and present a defense at trial, due to the State's failure to disclose exculpatory, as well as inculpatory, statements in the discovery process. The [Petitioner] entered a guilty plea after several days of trial. I find the existence of exculpatory statements was not disclosed to the Defendant or his counsel and, accordingly, a significant question arises as to whether his plea was freely and voluntarily entered.

(Dkt. Nos. 21-23 at 153–54; 21-10 at 2) (emphasis added). Based on those findings, as well as the affirmative finding that Petitioner had not knowingly and voluntarily waived his appeal rights, the PCR Court decided the appropriate relief was to grant Petitioner the ability to petition the State's

courts for a belated direct appeal "of his plea and the *Brady* violations prior to it." (*Id.* at 154).

Following the partial success of his PCR petition, Petitioner asked the State's highest court to render a decision on the merits of his direct appeal, pursuant to *White v. State*, 208 S.E.2d 35 (1974). (Dkt. No. 21-21 at 1). Specifically, he asked that he be allowed to withdraw his guilty plea, presenting the question: "Did [he] knowingly and voluntarily enter his plea of guilty when the trial court judge did not inform him that, in doing so, he was waiving all non-jurisdictional defenses?" (*Id.* at 3). The pertinent non-jurisdictional offense was, of course, "his challenge to the improperly withheld witness statements on direct appeal." (*Id.* at 6).

The State's highest court referred the matter to the State's intermediate appellate court, (Dkt. No. 21-23), which issued the following opinion:

> Petitioner's application for post-conviction relief (PCR) was denied in part and granted in part by [the PCR judge]. Petitioner now seeks a writ of certiorari from [the PCR judge's] order, arguing the PCR court (1) erred in finding Petitioner was not entitled to a new trial after Petitioner's guilty plea was rendered involuntary because the solicitor did not provide exculpatory statements to petitioner until the day of trial; and (2) correctly found Petitioner was entitled to a belated review of his direct appeal. After careful consideration, we deny the petition for writ of certiorari.

(Dkt. No. 21-24). Subsequently, Petitioner submitted a petition for rehearing, stating in the second sentence that the state court "has overlooked or misapprehended points necessary for the proper resolution of this case." (Dkt. No. 21-25 at 1). "Specifically," he asked the court "to render a decision on the merits of the *White* appeal that he submitted" because "[t]he order denying certiorari did not address the appeal issue." (*Id.*).

Addressing the petition for rehearing, the state court issued an opinion which read, in full: "After careful consideration of the Petition for Rehearing, the Court is unable to discover that any material fact or principle of law has either been overlooked or disregarded and hence, there is not

-4-

basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied." (Dkt. No. 21-26). When Petitioner attempted to take his case to the state's Supreme Court, the court responded that "it will not review the denial of a petition for a writ of certiorari by the Court of Appeals in a PCR case," ending the matter for state purposes (Dkt. No. 21-29).

Based on the above-described events, the Court must decide whether the state PCR court's decision not to grant Petitioner a new trial based upon its findings with respect to the non-disclosure was "contrary to, or an unreasonable application, of clearly established federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).[1] Even assuming that a Brady violation did occur at Petitioner's trial-turned-plea, it is not currently clearly established that a *Brady* violation based on a failure to disclose exculpatory evidence can be asserted to invalidate a guilty plea. "The *Brady* right . . . is a *trial* right. It requires a prosecutor to disclose evidence favorable to the defense if the evidence is material to either guilt or punishment, and exists to preserve the fairness of a trial verdict and to minimize the chance that an innocent person would be found guilty." *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010) (quotation marks and citations omitted). Thus, "when a defendant pleads guilty, those concerns are almost completely eliminated because his guilt is admitted." *Id.*

Following similar reasoning, the Supreme Court has held that a guilty plea is not invalidated by a prosecutor's failure to provide exculpatory *impeachment* information to a defendant prior to the

---

[1] In conducting its § 2254 analysis, this Court must look to the PCR court's decision because the state Court of Appeals' decision declining to hear Petitioner's direct appeal is not an "adjudicat[ion] on the merits." *See Greene v. Fisher*, ___ U.S. ___, 132 S. Ct. 38, 45 (2011) (stating that "a decision by the state supreme court not to hear the appeal [of the pertinent issue]—that is, not to decide at all" is not an adjudication on the merits).

plea. *See United States v. Ruiz*, 536 U.S. 622, 625 (2002). Further, based on *Ruiz*, the Fourth Circuit has held that a prosecutor's failure to disclose information potentially relevant as mitigation evidence in the death-penalty phase of a defendant's trial does not invalidate the defendant's guilty plea. *See Jones v. Cooper*, 311 F.3d 306, 315 n.5 (4th Cir. 2002).

Neither the Supreme Court nor the Fourth Circuit has, however, definitively "addressed the question of whether the *Brady* right to *exculpatory* information, in contrast to *impeachment* information, might be extended to the guilty plea context." *Moussaoui*, 591 F.3d at 286.[2] Thus, even assuming that a *Brady* violation did occur and such claim was not waived by the Petitioner's guilty plea, this Court cannot conclude the state court's decision declining to remand for a new trial and instead granting Petitioner's request for a belated direct appeal was "contrary to, or an unreasonable application, of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not appropriate and the Court will grant summary judgment for Respondents. *See* 28 U.S.C. § 2254(d)(1), (2).

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, (Dkt. No. 33), GRANTS Respondents motion for summary judgment, (Dkt. No. 22), and DENIES this petition. The Court, having concluded that this petitioner has no merit, also DENIES Petitioner's two motions requesting the appointment of counsel in this matter. (Dkt. Nos. 36, 38).

---

[2] The Magistrate Judge's R&R cites case law suggesting that there is no *Brady* right in the guilty plea context. To those citations, this Court adds examples of cases reaching the opposite conclusion. *See United States v. Danzi*, 726 F. Supp. 2d 120 (D. Conn. 2010); *see also McCann v. Mangialardi*, 337 F.3d 782 (7th Cir. 2003). Nevertheless, this split of authority only serves to confirm that federal law is not clearly established on this question.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 2*(*, 2013